AXTMAYER ET AL. *v.* DISTRICT JUDGE.

APPLICATION for Writ of *Certiorari.*

No. 47.—Decided June 25, 1908.

CERTIORARI—UNLAWFUL DETAINER—ACTION OF SUBLESSOR AGAINST SUBLESSEE.—
As a general rule a sublessor of a property is without an action of unlawful detainer to compel the sublessee to vacate the property leased and deliver possession of the same to him, because in such a case an ordinary action to compel compliance of the contract is the action that would lie, rather than an action of unlawful detainer.

ID.—SPECIAL CONTRACT BETWEEN SUBLESSEE AND SUBLESSOR.—In the case at bar the sublessee became a sublessor, leasing two floors in the house to the same person, who subleased the whole house to him, and that contract serves as the legal basis upon which the sublessee of the said two floors of the house may bring an action of unlawful detainer by reason of the expiration of the period for the duration of the contract. (Judgment of the Supreme Court of Spain, July 8, 1885.)

ID.—REVIEW OF JUDGMENTS ON THEIR MERITS.—*Certiorari* proceedings cannot be made to serve to review judgments on their merits, but the office of that writ is to determine whether the judgment rendered is within the rules prescribing the jurisdiction of the judge and whether the proceedings provided for by law have or have not been duly had.

The facts are stated in the opinion.

*Mr. Anderson, jr.,* for petitioner.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

Ana Axtmayer, with the consent of her husband Jacob Axtmayer, leased the house at No. 63 San Francisco Street in this capital, belonging to José Carazo, for a term of four years which were to expire on March 1, 1909, for the price of $90 per month.

On the ground floor of said house Mrs. Axtmayer had a store in which paints and other effects were sold, and having agreed to sell the store to Victor Merino del Valle, she did so in the presence and with the consent of her husband, by deed executed on January 28, 1908, before Notary Gabriel Guerra y Acosta, of this city, for the sum of $5,000, which the vendor received at the time of the execution of the deed. Mrs. Axtmayer further sublet the house for the remainder of the term of the contract of lease—that is to say, until March 1, 1909— for the same monthly rental of $90. It was further specially agreed in the fourth clause of said contract, that Mrs. Axtmayer would continue to live in the upper floor of the house until the following 15th of March, paying as rental therefor the sum of $45 per month to the sublessee, Merino.

The 15th of March arrived, and as Mr. and Mrs. Axtmayer did not vacate the premises that day nor for many days after, Merino instituted an action of unlawful detainer against them

in the municipal court of this city, which, after having been duly prosecuted and the evidence heard, the judge sustained the complaint with the costs against the defendants, whom he warned that they would be evicted if they did not vacate the house within the term of 15 days.

An appeal was taken from this judgment by Mr. and Mrs. Axtmayer, which appeal was allowed upon their furnishing bond in the sum of $50 fixed by the judge, to answer for all the costs of the appeal and the damages caused thereby, if the appellants should not obtain a judgment in their favor or should withdraw the appeal; and the appeal having been prosecuted in the First Section of the District Court of San Juan, the latter also sustained judgment in the action of unlawful detainer with the costs against the defendants, warning them that they would be evicted from the house if they failed to vacate it within the period of 15 days after said judgment.

At this stage of the proceedings Mr. and Mrs. Axtmayer applied to this Supreme Court for a writ of *certiorari,* alleging that as no appeal lay from the judgment of the district court, and the proceedings had in said court were unjust and illegal, as also the judgment rendered by it, inasmuch as the allegations and the evidence showed that the plaintiff had openly violated the terms of the contract entered into with the defendants, by failing to pay them the rent agreed on when due, for which reason he had no right to demand of them the fulfillment of the lease, and, on the other hand, as no recourse was left them to obtain reparation for the damage caused them other than a petition for a writ of *certiorari,* calling upon the secretary of the court to transmit all the records and proceedings relating to the action of unlawful detainer for their proper review by this Supreme Court in accordance with the law, they made the application now under consideration and which is the subject of this opinion.

The writ of *certiorari* having issued to the Judge of the

First Section of the District Court of San Juan, and the latter having forwarded the record of the action of unlawful detainer referred to by the petitioners, a day was set for the hearing, which was attended by counsel for the parties who made their respective arguments.

In their answer to the complaint, and by way of demurrer thereto, Mr. and Mrs. Axtmayer alleged that neither the municipal court, nor any other court had any jurisdiction or right to proceed in the matter, ''because this was not really an action of unlawful detainer, nor did it come under any of the provisions of the act establishing proceedings of unlawful detainer, since section two of said act did not grant such right''; that the defendants, being the lessees of the house in question must be heard and decided in an ordinary action, in which the plaintiff should request the ''specific performance of a contract.''

In most cases the sublessee of an estate cannot prosecute an action of unlawful detainer to compel the sublessor to vacate the house leased and deliver it to him, because in such a case rather than an action of unlawful detainer, the action that lies is an ordinary one for the performance of a contract, but we have already said that in this case there is a special clause in the contract, according to which the sublessee of the house, namely, Merino, became in his turn a sublessor, leasing the upper part of the house to Ana Axtmayer until March 15, 1908, for the monthly rental, $45; and such being the case, it appears evident that this stipulation gives rise in this case to a real contract of sublease between Merino del Valle and Mrs. Axtmayer, which, upon the expiration of the term thereof, placed Mrs. Axtmayer in the same position as any sublessee, and, consequently, the sublessor, Merino, in a perfect position to bring an action of unlawful detainer against her upon the expiration of the term fixed for the duration of the contract, and to obtain in due time the vacation of the house and her eviction in case the defendant should fail to vacate it within

the term fixed by the judge in his judgment. This is a right vested in the sublessor by the decision of the Supreme Court of Justice of Spain, of July 8, 1885.

Therefore, both the municipal judge of this city and the Judge of the District Court of San Juan, took cognizance of this case with full jurisdiction, and have conducted the case under the procedure prescribed by law, consequently, it cannot be maintained that these judges lacked jurisdiction to take cognizance of the action of unlawful detainer, nor that there has been a breach of the procedure provided by law for actions of this character.

With regard to the justice or injustice of the judgment rendered by the Judge of the First Section of the District Court of San Juan, we have nothing to say, because *certiorari* proceedings cannot be made use of to review judgments upon their merits, but only to determine whether in the rendition of such judgments the rules fixing the jurisdiction of the judges have been observed and whether or not the procedure established by law has been followed, and we have already seen that both the municipal judge and the judge of the district court have acted with full jurisdiction in this action of unlawful detainer, and that on the other hand they have not violated the procedure established by the special act relating to proceedings of this character. For all these reasons the undersigned justice is of the opinion that the judgment rendered in the action of unlawful detainer by the Judge of the District Court of San Juan should not be set aside and that the costs be taxed against the applicants, Ana and Jacob Axtmayer; and leaving without effect the writ of *certiorari* issued to the Judge of the First Section of the District Court of San Juan, that the record be returned to him for such action as may be proper in law.

*Application denied.*

Justices Hernández, Figueras and Wolf concurred.

Mr. Justice MacLeary did not sit at the hearing of this case.